CASE 54—ACTION BY JOHN M. WILLIAMS AGAINST THE WESTERN UNION TELEGRAPH COMPANY.—May 6, 1910.

## Western Union Telg. Co. v. Williams.

Appeal from Rockcastle Circuit Court.

B. J. BETHURUM, Circuit Judge.

From an order overruling a motion to set aside an order granting a new trial for inadequacy of damages, defendant appeals.—Appeal dismissed.

New Trial—Power of Court—Erroneous Grounds.—Where a court has jurisdiction of the parties and the subject-matter, its judgment is not void unless specially made so by statute, so that an order granting a new trial for inadequacy of damages was not void, though erroneous, because the statute forbids the granting of a new trial for such cause.

RICHARDS & RONALD, A. B. BENSINGER and J. W. BROWN for appellant.

HAZELRIGG & HAZELRIGG for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE BARKER—Dismissing Appeal.

The appellee instituted this action to recover of the appellant damages for failing to deliver a telegram within a reasonable time. A trial resulted in a verdict in favor of plaintiff for one cent and costs. Upon a motion for a new trial by plaintiff the court set aside the verdict, and awarded a new trial. There were several grounds assigned as error, among which was the smallness of the verdict. The appellant, assuming that the new trial was granted because of the smallness of the damages awarded in the verdict, and conceiving that the order was therefore void, moved the court, under section 763 of the Civil Code of Practice, to set it aside, and, this motion being overruled, appealed from this last ruling to this court. The appellee has entered a motion to dismiss the appeal.

Appellant concedes that ordinarily a judgment granting a new trial is not a final order from which an appeal may be prosecuted; but it insists that, inasmuch as the Code forbids the granting of a new trial because of the smallness of the damages, therefore the order was void, and not merely erroneous. This contention is untenable. Jurisdiction is the right to hear and determine, and no judgment is void where the court has the right to hear and determine the matter before it, however erroneous the ruling may be. When a court has jurisdiction of the subject-matter and jurisdiction of the parties, its decrees are never void, unless in some special case, where the Legisla-

ture has expressly so provided. It was for the court to determine whether or not a new trial should be awarded, and, this being so, it had jurisdiction of the subject-matter, and, the parties being properly before it, its judgment was not void.

It results from this that the motion to dismiss the appeal must be sustained, and it is so ordered.